JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 0 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION     MDL No. 1769

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-50)

On July 6, 2006, the Panel transferred 87 civil actions to the United States District Court for the Middle District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 447 F.Supp.2d 1376 (J.P.M.L. 2006). Since that time, 436 additional actions have been transferred to the Middle District of Florida. With the consent of that court, all such actions have been assigned to the Honorable Anne C. Conway.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Florida and assigned to Judge Conway.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle District of Florida for the reasons stated in the order of July 6, 2006, and, with the consent of that court, assigned to the Honorable Anne C. Conway.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Florida. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN 2 8 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____

# IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION     MDL No. 1769

## SCHEDULE CTO-50 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**            **CASE CAPTION**

**DISTRICT OF COLUMBIA**
DC    1    07-2320        Gaye Young v. AstraZeneca Pharmaceuticals, LP, et al.

**MARYLAND**
MD    1    07-3427        Jean Thomas v. AstraZeneca Pharmaceuticals, LP, et al.
MD    1    07-3428        Deirdre Tindull v. AstraZeneca Pharmaceuticals, LP, et al.

**TENNESSEE MIDDLE**
TNM   1    07-88          Deborah B. Blevins v. AstraZeneca Pharmaceuticals, LP, et al.
TNM   1    07-89          Connie Herring v. AstraZeneca Pharmaceuticals, LP, et al.
TNM   1    07-90          Debbie L. Potts v. AstraZeneca Pharmaceuticals, LP, et al.
TNM   3    07-1216        Virginia A. Bowers v. AstraZeneca Pharmaceuticals, LP, et al.
TNM   3    07-1217        Donna C. Kimble v. AstraZeneca Pharmaceuticals, LP, et al.
TNM   3    08-7           Robert M. Muse, Jr. v. AstraZeneca Pharmaceuticals, LP, et al.
TNM   3    08-8           Lena D. Elam v. AstraZeneca Pharmaceuticals, LP, et al.

**TEXAS NORTHERN**
TXN   3    07-2164        Mary Allen, et al. v. AstraZeneca Pharmaceuticals, LP

**TEXAS WESTERN**
TXW   6    07-386         Kennard J. Delano, Jr. v. AstraZeneca Pharmaceuticals, LP, et al.

RULE 1.6:    TRANSFER OF FILES

    (a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and certified copy of the docket sheet for each transferred action.

    (b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. § 1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. § 1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

    (c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

    (d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and sent to the clerk of the transferor district court the following:
- (i) a certified copy of the individual docket sheet for each action being remanded;
- (ii) a certified copy of the master docket sheet, if applicable;
- (iii) the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
- (iv) a certified copy of the final pretrial order, if applicable; and
- (v) a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have ben stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

    (e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.